**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE 1, individually and on behalf of all others similarly situated, ) ) ) | Case No.: 1:26-cv-3477 |

JOHN DOE 1, individually and on behalf of
all others similarly situated,                    )
                                                   )
                   Plaintiff,                      )
                                                   )        Case No.: 1:26-cv-3477
v.                                                 )
                                                   )
STRETTO, INC.,                                     )
                                                   )
                   Defendant.                      )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**
**PROCEED UNDER PSEUDONYM AND FOR**
**LIMITED PROTECTIVE ORDER**

**INTRODUCTION**

This case should not require Plaintiff to publish the very information that Stretto allegedly exposed and that bankruptcy courts protected to prevent cryptocurrency creditors from being targeted. Plaintiff John Doe 1 is a Celsius creditor with a substantial claim. He sues Stretto, Inc. ("Stretto") for an April 2024 data security incident ("Data Breach") and related post-breach administration failures that exposed Bankruptcy Code personally identifiable information ("PII"), contaminated official creditor communication channels, and caused targeted phishing, account-takeover attempts, mitigation costs, and delayed distributions. Publicly connecting Plaintiff's legal name to this lawsuit would identify him as a high-value cryptocurrency bankruptcy creditor who alleges ongoing distribution-related harms—precisely the information that threat actors exploit.

The requested relief is narrow. Plaintiff does not seek to litigate in secret. The Complaint, claims, legal theories, proposed class definitions, and requested relief will remain public. Stretto will receive Plaintiff's true identity under an appropriate confidentiality designation and may investigate and defend the case in the ordinary course. What Plaintiff seeks to protect is only the

1

public disclosure of his name and identifying creditor information, because publication of that information would materially increase the risk of the same injury alleged in the Complaint.

Bankruptcy courts have already recognized the danger. In *Celsius*, the Bankruptcy Court protected creditor addresses and email addresses, and Judge Glenn later made clear at the May 14, 2024 Stretto breach hearing that names, mailing addresses, email addresses, and phone numbers are not trivial "contact information"; they are "all PII under the Bankruptcy Code" and the kind of information he had ordered not disclosed. *See* Declaration of Renner Walker (hereinafter "Walker Decl."), Exhibit F (Hr'g Tr. 13:12-14:24, 23:18-25:8, *In re Celsius Network LLC*, No. 22-10964 (MG), ECF No. 4892 (Bankr. S.D.N.Y. May 14, 2024)). Other cryptocurrency bankruptcy courts likewise entered orders protecting creditor/customer information from public disclosure. *See, e.g.*, Walker Decl., Exs. A, B, D, E. Those bankruptcy protections supply powerful, case-specific confirmation that Plaintiff's request satisfies the *Sealed Plaintiff* factors and that there is good cause for a limited protective order.

For the reasons below, Plaintiff respectfully asks the Court to permit him to proceed as "John Doe 1" and to enter the limited protective order submitted herewith.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) ordinarily requires that the complaint name all parties. But the Second Circuit permits a plaintiff to proceed under a pseudonym where the plaintiff's interest in anonymity outweighs both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

*Sealed Plaintiff* identifies ten non-exhaustive factors: (1) whether the litigation involves matters that are highly sensitive and personal; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking anonymity or to innocent non-parties; (3) whether

identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit challenges governmental or private conduct; (6) whether the defendant would be prejudiced; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by disclosure; (9) whether, because of the purely legal nature of the issues or otherwise, there is an atypically weak public interest in knowing the litigant's identity; and (10) whether alternative mechanisms can protect confidentiality. *Id.* at 189–90.

Courts in this District have applied *Sealed Plaintiff* in privacy cases where public identification would aggravate the harm at issue. *See, e.g.*, *Doe v. DNA Diagnostics Ctr., LLC*, No. 25-cv-2878 (GHW), 2025 WL 1725449, at *1–*7 (S.D.N.Y. June 18, 2025) (granting pseudonymity). Separately, Rule 26(c) authorizes protective orders for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden, including orders limiting disclosure of sensitive identifying information. Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

**A.**     **The first four *Sealed Plaintiff* factors strongly favor anonymity because public identification would intensify the same crypto-targeting risk at issue in the case.**

The first four *Sealed Plaintiff* factors favor anonymity because this case involves highly sensitive personal and financial information and because public identification would exacerbate the injury Plaintiff seeks to remedy. Plaintiff alleges that Stretto exposed Bankruptcy Code PII and claim-administration information that identifies people as cryptocurrency bankruptcy creditors and enables threat actors to target them through phishing, wallet-drainer lures, account takeover, SIM swapping, postal scams, and distribution theft. Plaintiff further alleges that he personally received targeted, estate- and distribution-themed social-engineering attempts, experienced attempted

account takeover, incurred mitigation costs, and suffered delayed distributions after the Stretto breach.

This is not an ordinary data breach case in which the plaintiff merely prefers privacy. Plaintiff's legal name, when publicly tied to this case, would identify him as a Celsius creditor with a substantial claim and ongoing distribution issues. That disclosure would create a roadmap for additional targeting. It would also undermine the same bankruptcy confidentiality regime Stretto itself failed to honor when it failed to take reasonable security measures to protect Plaintiff's confidentiality.

The bankruptcy record confirms that the risk is concrete. In *Celsius*, Judge Glenn previously granted sealing as to addresses, email addresses, and phone numbers. At the May 14, 2024 Stretto breach hearing, Judge Glenn rejected Stretto's effort to treat exposed names and contact information as less important than Social Security numbers. After reading the Bankruptcy Code's PII definition on the record, Stretto's counsel acknowledged that approximately 104,000 Celsius creditors had PII obtained as that term is defined in the Bankruptcy Code. *See* Walker Decl., Ex. F (Hr'g Tr. 12:18–14:24, *In re Celsius Network LLC*, No. 22-10964 (MG), ECF No. 4892 (Bankr. S.D.N.Y. May 14, 2024)). Judge Glenn then emphasized that names, mailing addresses, email addresses, and phone numbers were "a big deal" and "all really important information," explaining that he had ordered such information not be disclosed because Celsius creditors had already faced threats and attempts to access accounts and distributions. *Id.* at 23:18–25:8.

Judge Glenn's comments are especially persuasive because they involved this Defendant, this Data Breach, the same kinds of bankruptcy claims Plaintiff had, and the same category of creditor information Plaintiff seeks to protect here. Judge Glenn also emphasized that Stretto's role

4

was not merely that of a private vendor: claims agents are approved by the Bankruptcy Court and are "standing in place of the Clerk's Office" for claims-administration functions. *Id.* at 28:1–29:4, 33:15–34:10, 40:20–41:22.

Other cryptocurrency bankruptcy courts reached the same conclusion. In *Genesis*, after an evidentiary hearing and over the United States Trustee's objection, Judge Lane held that the names, mailing addresses, and email addresses of individual lenders should be redacted because disclosure would create an undue risk of identity theft and other unlawful injury. *See* Walker Decl., Ex. A (Memorandum of Decision at 30–40, *In re Genesis Glob. Holdco, LLC*, No. 23-10063 (SHL), ECF No. 581 (Bankr. S.D.N.Y. Aug. 4, 2023)). Judge Lane explained that redacting names was necessary because contact information—including home addresses—can be found on the internet through use of a name alone, that high-value crypto creditors are at heightened risk of financial and physical harm, and that cryptocurrency is uniquely attractive to criminals because transactions are near-instantaneous and often irreversible. *Id.* at 30–32, 40.

*Prime Core* is even closer to this case because it is one of the bankruptcy matters alleged to have been impacted by Stretto's April 2024 Data Breach. In *Prime Core*, the Delaware Bankruptcy Court authorized the debtors to redact the names, addresses, and email addresses of customers and current and former employees from public filings and authorized the claims and noticing agent to suppress names, addresses, and email addresses of non-exempted creditors from the publicly available claims register and affidavits of service. *See* Walker Decl., Ex. E (Amended Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief ¶¶ 6–7, *In re Prime Core Techs. Inc.*, No. 23-11161 (JKS), ECF

No. 189 (Bankr. D. Del. Sept. 22, 2023)); *see also* Interim Order (I) Authorizing Debtors to File a Consolidated Creditor Matrix and Top 50 Creditors List; (II) Authorizing Redaction of Certain Personally Identifiable Information; (III) Authorizing the Debtors to Serve Certain Parties by Electronic Mail; (IV) Approving Certain Notice Procedures; and (V) Granting Related Relief ¶ 7, *In re Prime Core Techs. Inc.*, No. 23-11161 (JKS), ECF No. 39 (Bankr. D. Del. Aug. 25, 2023).

The court in *Voyager* likewise entered early case protections for creditor information. Judge Wiles authorized the Voyager debtors to redact the home addresses of individuals from the creditor matrix, schedules, statements, and other filings, and to protect additional personal data of natural persons subject to foreign privacy regimes while providing unredacted information only to the Court, the United States Trustee, committees, and parties with a bankruptcy-related need. *See* Walker Decl., Ex. D (Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor; (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases; and (V) Granting Related Relief ¶ 6, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW), ECF No. 54 (Bankr. S.D.N.Y. July 8, 2022)).

*Celsius* initially denied redaction of customer names, but even that decision confirms the sensitivity of creditor contact information: the court permitted redaction of home addresses and email addresses of individual creditors under Section 107(c). *See In re Celsius Network LLC*, 644 B.R. 276, 293–95 (Bankr. S.D.N.Y. 2022). Later events—including phishing notices, the Consumer Privacy Ombudsman's analysis, and Judge Glenn's May 2024 statements—materially confirmed the risks that creditor advocates had warned about. *See generally* Memorandum of

Decision at 32–34, *In re Genesis Glob. Holdco, LLC*, No. 23-10063 (SHL), ECF No. 581 (Bankr. S.D.N.Y. Aug. 4, 2023) (distinguishing the earlier *Celsius* ruling because later Celsius phishing notices occurred after that ruling and the *Celsius* record was more sparse).

The Western District of Texas has already granted analogous pseudonym and protective-order relief in a highly similar proposed class action against a bankruptcy claims agent involving cryptocurrency creditor PII. *See* Walker Decl., Ex. B (Order at 3–5, *Doe 1 v. Kroll Restructuring Admin. LLC*, No. 1:25-cv-01319-RP, ECF No. 21 (W.D. Tex. Nov. 25, 2025)). The court found that bankruptcy courts handling related cryptocurrency matters had protected customer–creditor PII to reduce targeted crime risk, that the plaintiffs continued receiving malicious communications resembling official notices, that prejudice to the defendant was low because identities would be revealed for litigation purposes, and that the public could understand the case without knowing plaintiffs' identities. *Id.*

Those findings apply with greater force here. Plaintiff alleges that Stretto exposed his PII in the *Celsius* bankruptcy, that he has already been targeted through multiple channels, that distribution communications remain difficult to authenticate, and that his claim size makes him a particularly attractive target. Publishing his name would not merely reveal private information; it would supply threat actors with a fresh, court-authenticated link between a real person and a valuable crypto-bankruptcy claim. Factors one through four therefore strongly support pseudonymity.

**B.     The fifth factor does not defeat pseudonymity because the allegations against Stretto will remain public and Stretto suffers no reputational unfairness from protection of Plaintiff's name.**

The fifth factor asks whether the defendant is a private party or a government actor. Stretto is a private party, but that fact carries little weight here. Plaintiff does not seek *ex parte* litigation,

secret proceedings, or sealed allegations. The public docket will identify Stretto, describe the Data Breach, plead the claims, and disclose the legal theories. The only information withheld from the public is Plaintiff's legal name and identifying creditor information. That limited protection does not impair Stretto's public response to the allegations or unfairly damage its reputation.

Moreover, the Stretto data-security incident and Judge Glenn's public hearing are already matters of bankruptcy-court record. Permitting Plaintiff to use a pseudonym will not create a one-sided public accusation; it will preserve the status quo necessary to prevent further harm while leaving all merits issues open for public adjudication. *See EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).

**C.      The sixth factor favors anonymity because Stretto will suffer no prejudice.**

Stretto will suffer no material prejudice. Plaintiff will disclose his identity to the Court and to Stretto's outside counsel under a confidentiality designation. Stretto can investigate Plaintiff's claim history, distribution records, support tickets, alleged mitigation expenses, and asserted damages. It can take discovery, test causation, challenge adequacy and typicality, and defend the case in the ordinary course. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (holding that, since the defendant already knew the plaintiff's identity, "[o]ther than the need to make redactions and take measures to not disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely [by] plaintiff's anonymity in court papers").

The requested order also permits disclosure to necessary in-house legal or claims personnel, experts, consultants, vendors, insurers, and other persons authorized by the Court, provided the information is used only for this litigation and protected from public dissemination. If circumstances change at a later hearing, class-certification stage, summary judgment, or trial, the Court retains discretion to revisit the order. *See Sealed Plaintiff*, 537 F.3d at 190 (noting the

district court's "discretion" in granting or denying a motion to proceed anonymously). For now, however, the balancing is straightforward: public disclosure of Plaintiff's identity creates a real risk of harm to Plaintiff, while confidential disclosure gives Stretto everything it needs to defend itself.

**D.    The seventh factor favors anonymity because Plaintiff's identity has not been publicly disclosed as the Plaintiff in this case.**

Plaintiff's identity has not been publicly disclosed in connection with this lawsuit. Although Stretto and threat actors may possess some of Plaintiff's PII as a result of the breach, that is the injury alleged—not a reason to force public disclosure. Courts recognize that partial or wrongful exposure does not eliminate the need for protective measures against broader public dissemination. *See Doe v. Salina*, No. 23-cv-3529 (JMW), 2024 WL 1259362, at *6 (E.D.N.Y. Mar. 25, 2024) (holding that a plaintiff's name being exposed "on social media" does not necessarily "counsel disclosure" under the seventh *Sealed Plaintiff* factor if "many of the interactions and communications that underly the allegations were ... private."); *Doe v. Princeton Univ.*, No. 22-cv-5887 (RK) (DEA), 2023 WL 8171644, at *3 (D.N.J. May 26, 2023) (finding that a plaintiff seeking to proceed pseudonymously may have taken adequate "steps to ensure that [her] name ... remain[s] confidential," even if her "social circle[ ]" knows her identity). Publicly filing Plaintiff's legal name would transform compromised data into a searchable federal-court record tying him to a specific high-value cryptocurrency creditor claim and to distribution-related harms. The seventh factor therefore supports continued confidentiality.

**E.    The eighth and ninth factors favor anonymity because the public can evaluate the case without Plaintiff's legal name.**

The public's legitimate interest lies in the conduct alleged, the legal duties of bankruptcy claims agents, the scope of Stretto's breach response, the adequacy of post-breach creditor

9

communications, and the legal sufficiency of Plaintiff's claims. The public does not need Plaintiff's legal name to evaluate those issues. The Complaint identifies the relevant bankruptcy cases, alleged breach mechanics, affected data categories, post-breach distribution failures, legal claims, class definitions, and requested remedies.

This is precisely the situation in which courts find an atypically weak public interest in knowing a plaintiff's identity. In the analogous *Kroll* class action, the Western District of Texas held that the public interest in open judicial proceedings was not threatened because the basic facts would remain public and nothing about the plaintiffs' identities was critical to the public's understanding of the case. *See* Walker Decl., Ex. B (Order at 4, *Doe 1 v. Kroll Restructuring Admin. LLC*, No. 1:25-cv-01319-RP, ECF No. 21 (W.D. Tex. Nov. 25, 2025)). The same is true here.

**F.      The tenth factor favors anonymity because no alternative mechanism adequately protects Plaintiff.**

No lesser alternative will adequately protect Plaintiff. Redacting only Plaintiff's home address, email address, telephone number, or claim identifiers is insufficient because the public disclosure of his legal name in this lawsuit would itself identify him as a high-value Celsius creditor alleging delayed distributions and ongoing targeted attacks. Genesis and FTX recognized that names alone can be used with public records, data brokers, social media, search engines, and the dark web to locate contact information and target cryptocurrency creditors. *See* Walker Delc., Ex. A (Memorandum of Decision at 29-31, 40, *In re Genesis Glob. Holdco, LLC*, No. 23-10063 (SHL), ECF No. 581 (Bankr. S.D.N.Y. Aug. 4, 2023)).

Nor would a general protective order entered later in discovery solve the problem. The immediate risk arises from the public caption and public filings. Once Plaintiff's name is publicly connected to this case, it cannot be meaningfully clawed back. Proceeding under a pseudonym—

while confidentially disclosing Plaintiff's identity to the Court and to Stretto for litigation purpose—is the least restrictive mechanism that protects Plaintiff without impairing the public record or Stretto's defense.

## CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion, permit Plaintiff to proceed under the pseudonym "John Doe 1," and enter the proposed protective order submitted with this Motion.

Dated: April 28, 2026

Respectfully submitted,

**HAUSFELD LLP**

By: */s/Renner K. Walker*
Renner K. Walker
rwalker@hausfeld.com
Steven M. Nathan
snathan@hausfeld.com
33 Whitehall St., 14th Floor
New York, NY 10004
Tel: 646-357-1100
Fax: 212-202-4322

James J. Pizzirusso*
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1200 17th Street N.W.
Suite 600
Washington, DC 20036
Tel: 202-540-7200
Fax: 202-540-7201

Nicholas Andrew Hall*
nhall@hallattorneys.com
**HALL ATTORNEYS, P.C.**
P.O. Box 1370
Edna, Texas 77957
+1 713 428 8967

11

*Counsel for Plaintiff and the Putative Class*

*Pro Hac Vice application forthcoming

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum complies with Local Civil Rule 7.1(c). The memorandum contains approximately 3,900 words, excluding the caption, signature block, and certificates.