Defendant's requests to (1) file with proposed redactions the August 31, 2026 Declaration of Daniel Robertson, ECF No. 34-1, and (2) file under seal Exhibits F, G, and H to Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, ECF Nos. 34-7, 34-8, 34-9, and Defendant's unredacted August 31, 2026 Declaration of Daniel Robertson, ECF No. 35, pending resolution of Plaintiffs' Motion to Proceed Under Pseudonyms, ECF No. 16, are GRANTED. Defendant's proposed redactions and sealing are "narrowly tailored" to preserving recognized privacy interests, which outweigh the public's "presumption of access" to this information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

The Clerk of Court is directed to terminate ECF No. 33.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: September 2, 2026

SHOOK
HARDY & BACON

Daniel W. Robertson

1 Rockefeller Plaza
Suite 2801
New York, NY 10020
**t** 212-989-8844
**d** 212-779-6127
drobertson@shb.com

August 31, 2026

***VIA ECF***

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

**Re: *John Doe 1 and John Doe 2 v. Stretto, Inc.*, Case No. 1:26-cv-03477-JHR-JW— Defendant's Letter-Motion for Leave to File Motion Papers in Redacted Form and Under Seal**

Dear Judge Rearden:

Pursuant to Rule 9.C of the Court's Individual Rules and Practices in Civil Cases, Defendant Stretto, Inc. respectfully submits this letter-motion for leave to file, in redacted or sealed form on the public docket, the Declaration of Daniel Robertson and certain attached exhibits in support of Stretto's Motion to Dismiss the Amended Complaint (collectively, the "Motion Papers").

Consistent with Rule 9.C.iii, Stretto is contemporaneously filing publicly on ECF a redacted version of the Motion Papers, and filing under seal on ECF an unredacted version with proposed redactions highlighted. The unredacted version and all documents proposed to be sealed will also be emailed to Chambers at ReardenNYSDChambers@nysd.uscourts.gov. To the extent the Motion Papers contain or reference Plaintiffs' names/identities, or indicate specific sources where those identities may be found, Stretto files those documents under conditional redaction/seal, so as not to moot Plaintiffs' pending motion to proceed under pseudonym (ECF 16).

**<u>Background</u>**

Stretto's Motion Papers contain references to the identities of pseudonymous Plaintiffs, and Plaintiffs' ability to proceed under pseudonym is currently the subject of motion practice (*See* ECF 16, 22-23, 32). Stretto disputes that Plaintiffs' identities warrant any confidential treatment, but its Motion Papers cite to materials that contain Plaintiffs' names and identities, and identifies publicly available sources where those names and identities have been disclosed. Stretto seeks leave to redact (or, where necessary, seal) that information in the public versions of its Motion

SHOOK HARDY & BACON

Papers while Magistrate Willis's decision on Plaintiffs' motion to proceed under pseudonym remains pending.

**Meet-and-Confer**

Pursuant to Rule 9.C.i, on August 11, 2026, undersigned counsel contacted Plaintiffs' counsel by email, informing Plaintiffs' counsel that Stretto intended to file and reference certain documents in connection with its Opposition to Plaintiffs' motion to proceed under pseudonym which identified Plaintiffs by name. While Stretto does not believe Plaintiffs have established any basis to withhold Plaintiffs' names or identities from the public record, Stretto stated that it would file documents referencing Plaintiffs' identities under seal and/or with redactions, pending the Court's decision on Plaintiffs' motion to proceed under pseudonym, in order to avoid rendering that motion moot. Plaintiffs did not object to the redaction or sealing of Stretto's Opposition or its accompanying exhibits, and do not object to the request here in connection with the Motion Papers.

**Scope of the Proposed Redactions and Sealing**

Consistent with the narrow-tailoring requirement of Rule 9.B and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), Stretto's proposed sealing and redactions are limited to the identification of Plaintiffs' names and those sources themselves. Subject to the Court's approval, Stretto seeks only to conditionally redact or seal documents that reveal Plaintiffs' names, pending Magistrate Willis's decision on Plaintiffs' motion to proceed under pseudonyms.

**Reservation of Rights**

Stretto's request is made solely to preserve the status quo while motion practice is pending and should not be understood as any concession. Stretto does not agree that Plaintiffs' names, or their status as cryptocurrency creditors, constitute information properly subject to sealing or redaction under the governing standard. Nothing in this letter-motion, and nothing in Stretto's election to file any document in conditionally sealed or redacted form, constitutes any concession regarding confidentiality, cognizable harm, or Article III standing.

For the foregoing reasons, Stretto respectfully requests that the Court grant leave to file the Motion Papers in sealed/redacted form as described above, pending resolution of Plaintiffs' motion to proceed under pseudonym.

Respectfully submitted,

Daniel Robertson
Counsel for Defendant Stretto, Inc.

cc: All counsel of record (via ECF)